JUSTICE GRAY,
dissenting:
I respectfully dissent from the opinion of the majority. I agree with the majority that Gary Seman and Judy Lewis intended to create a joint tenancy in the account. It is my opinion, however, that an appropriate analysis of this case requires the application of statutory requirements rather than rules of contract interpretation.
Section 70-1-307, MCA, is clear: no joint interest exists unless the ownership by several people in equal shares is “expressly declared in the ... transfer to be a joint tenancy.” (Emphasis added.) The majority correctly concludes that, the statutory requirements not having been met, Gary and Judy “appear” to have been tenants in common. In my view, the majority should have held at that point that the District Court erred in granting summary judgment to the respondent. The statutory requirement that a joint interest must be expressly *515 declared in the creating instrument to be a joint tenancy could not be more clear. Absent such an express declaration, no joint tenancy can exist.
Inexplicably, the majority verges off on rules of contract interpretation. Finding an “uncertainty” on the face of the signature card, it decides it must determine the intent of the account owners and goes on to discuss the admissibility of extrinsic evidence in vintage contract interpretation terms. The result is to ignore the legislature’s clearly stated intent as to what is necessary to create a joint interest, as a matter of law, and to elevate the intent of the parties to an agreement over specific statutory requirements. I cannot agree.
CHIEF JUSTICE TURNAGE and JUSTICE WEBER join in the foregoing dissent of JUSTICE GRAY.